UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNIE MORRISON,

Plaintiff,

v.

U.S. PAROLE COMMISSION, et al.,

Defendant.

Civil No. 1:13-cv-01643 (RCL)

## MEMORANDUM OPINION

Pro se petitioner Johnnie Morrison ("Morrison") seeks a Writ of Habeas Corpus or a Writ of Mandamus.[1] Morrison challenges the authority of defendants, U.S. Parole Commission ("Commission") and D.C. Jail Warden (collectively "defendants"), over his supervised release and the legality of his conviction and sentence in the Superior Court of the District of Columbia, Case No. 2005-FEL-007360. Morrison also seeks release from detainer in Prince George County, Maryland. For the following reasons, Morrison's petition will be denied.

I.  BACKGROUND

On April 26, 2006, Morrison was sentenced in the Superior Court of the District of Columbia to 84 months imprisonment, followed by three years of supervised release, for unarmed carjacking. *United States v. Morrison*, No. 2005-FEL-007360. Morrison began his

---

[1] The Court construes Morrison's motion as a Petition for Writ of Habeas Corpus. "Mandamus is a drastic remedy to be invoked only in extraordinary circumstances." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988). When "habeas is an available and potentially efficacious remedy, it is beyond reasonable dispute that mandamus will not appropriately lie." *Id.* at 806. Morrison challenges the execution and duration of his prison sentence which must be raised through a petition for habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (noting that challenges to the fact or duration of confinement lie at the core of habeas corpus). The Supreme Court has observed that "the language of the habeas statute is [] specific, and the writ's history makes clear that it traditionally has been accepted as the specific instrument to obtain release from [unlawful] confinement." *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)).

term of supervised released on August 30, 2012. Opp'n to Pet'r Pet. for a Writ of Habeas Corpus ("Opp'n"), ECF No. 7, Ex. 3. After several violations of the terms of Morrison's supervised release and a revocation hearing, the Commission revoked Morrison's term of supervised release on November 7, 2013. Opp'n, Ex. 13. Morrison received a new eight month term of imprisonment and a twenty-eight month term of supervised release. Opp'n, Ex. 14, Ex. 16. Morrison was released from his eight month prison term on March 21, 2014. Opp'n, Ex. 15.

Morrison filed his Motion for a Writ of Habeas Corpus on October 25, 2013. Pet. for Writ of Habeas Corpus, ECF No. 1. Morrison challenges defendant's authority over his supervised release and revocation of supervised release and the legality of his conviction and sentence in the Superior Court of the District of Columbia. Morrison also seeks release from detainer in Prince George County, Maryland. This Court issued a Show Cause order to defendants, and defendants responded to Morrison's Petition on July 8, 2014. Opp'n. For the following reasons, Morrison's petition will be denied and the Show Cause Order as to defendants will be discharged.

## II. ANALYSIS

### A. U.S. Parole Commission Has Authority Over Morrison's Term of Supervised Release

Morrison has raised a number of claims disputing Defendants' authority to oversee the supervised release of a prisoner sentenced by the Superior Court of the District of Columbia. Defendants' authority, however, is well established.

First, Morrison argues that the Commission has been abolished and no longer possesses legal authority. On the contrary, the Commission's existence and activities were authorized by the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, 111 Stat. 712 ("Revitalization Act"). The Revitalization Act and the Commission's

authority were most recently extended for an additional five years on October 31, 2013. United States Parole Commission Extension Act of 2013, Pub. L. 113-47, 127 Stat. 572.

Second, Morrison argues that defendants' actions violated the separation of powers doctrine because the Superior Court impermissibly delegated its power to the Commission. The Commission's exercise of its authority to revoke Morrison's supervised release and impose a new term of imprisonment does not violate the separation of powers doctrine. The Commission's actions are authorized by the Revitalization Act and D.C. Code. For any felony committed after August 5, 2000, "[o]ffenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C. Code § 24-403.01(b)(6) (2014). The Revitalization Act gives the Commission authority to "grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Official Code." *Id.* § 24-131 (a)(1). Thus, the Commission "has the authority both to revoke supervised release and return a releasee to custody, as well as to impose a new term of supervised release following his release from custody." *Taylor v. U.S. Parole Comm'n*, 860 F. Supp. 2d 13, 16 (D.D.C. 2012).

Finally, Morrison argues that revocation of his supervised release and the resulting imprisonment were improper because he had not incurred a new conviction. The Commission may, upon finding that a releasee violated one or more conditions of supervised release, revoke a term of supervised release. 28 C.F.R. § 2.218(a)(2) (2014). The Commission is not required to wait for a new conviction to revoke a term of supervised release, even though Morrison had incurred a new conviction. The Commission need only find, by a preponderance of the evidence, that the terms of supervised release have been violated. *Id.*; *Bradley v. U.S. Parole Comm'n*, 916

F. Supp. 2d 152, 155 (D.D.C. 2013). In its revocation of Morrison's supervised release, the Commission relied on testimony of Detective Stephen Miller of the Charles County Police Department, Morrison's conviction for public swearing and intoxication from the Fairfax County District Court, and Morrison's confession of drug use. Morrison has presented no evidence or argument that the evidence relied on by the Commission was inadequate. The Commission's revocation of Morrison's term of supervised release was therefore not improper.

### B. The Court Lacks Subject Matter Jurisdiction to Review Morrison's Conviction and Sentence

Morrison, in part, challenges the legality of his conviction and sentence in the Superior Court of the District of Columbia, Case No. 2005-FEL-007360. Because Morrison seeks to challenge the legality of his state court conviction, the Court construes this portion of his Petition as arising under 28 U.S.C. § 2254 (2012).

28 U.S.C. § 2254 gives federal courts jurisdiction to issue writs of habeas corpus on behalf of a person detained pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Gorbey v. United States*, No. 13-2019, 2014 WL 3512850, *2 (D.D.C. July 17, 2014) (citing 28 U.S.C. § 2254). Local courts in the District of Columbia are treated as state courts for the purposes of federal habeas corpus jurisdiction. *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976).

A prisoner in custody under a sentence from the Superior Court of the District of Columbia may not seek federal habeas relief unless he or she has satisfied the requirements of D.C. Code § 23-110 (2014). Section 23-110 "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that Court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009). An application for a writ of habeas corpus by a prisoner shall not be entertained "by any Federal or State court if it appears that the applicant has

4

failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).

Morrison "may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code § 23-110(g) is inadequate or ineffective to test the legality of his detention." *Hunter v. Bledsoe*, No. 11-5096, 2011 WL 8473215, *1 (D.C. Cir. July 28, 2011) (citing *Blair–Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998)). Section 23-110 is an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus" unless the remedy under § 23-110 is "inadequate or ineffective." *Swain v. Pressley*, 430 U.S. 372, 378 (1977). This Court has jurisdiction over Morrison's claims only if he can demonstrate that his remedy under § 23-110 is "inadequate or ineffective." Relief is "inadequate or ineffective" if it resulted in a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Gorbey*, 2014 WL 3512850, *3 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Morrison does not argue, and more importantly does not demonstrate, that the remedy afforded to him under § 23-110 is "inadequate or ineffective." Thus, because § 23-110 provides an adequate remedy for Morrison to challenge the legality of his conviction and sentence, this Court does not have jurisdiction to consider the merits of his claims. Morrison's claims pertaining to the legality of his conviction and sentence in the Superior Court of the District of Columbia are denied for lack of subject matter jurisdiction.

### C. Morrison's Challenge to a Maryland Detainer is Moot

Morrison also seeks release from a Maryland detainer. He alleged that the detainer would interfere with his eight month parole sentence and release to a federal halfway house. Morrison, however, was released from his eight month sentence on March 21, 2014. Def.'s Opp'n, Ex. 15. Having been released, Morrison's challenge to the Maryland detainer is moot and will be denied. *Morton v. U.S. Parole Comm'n*, No. 06-0035, 2006 WL 314559, *1 (D.D.C. Feb. 9, 2006) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).

## III. CONCLUSION

For the foregoing reasons, Morrison's Petition for Writ of Habeas Corpus will be denied and Show Cause Order as to defendants will be discharged. A separate Order accompanies this Memorandum Opinion.

Signed this 18th day of September 2014.

ROYCE C. LAMBERTH
United States District Court